UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

STEVEN A. THORESON,

    Petitioner,

vs.

JEFFREY BEARD, Warden,

    Respondent.

No. C 15-0833 PJH (PR)

**ORDER OF DISMISSAL**

Petitioner, a California prisoner has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

## DISCUSSION

### A. Standard of Review

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975). Habeas corpus petitions must meet heightened pleading requirements. *McFarland v. Scott,* 512 U.S. 849, 856 (1994). An application for a federal writ of habeas corpus filed by a prisoner who is in state custody pursuant to a judgment of a state court must "specify all the grounds for relief available to the petitioner ... [and] state the facts supporting each ground." Rule 2(c) of the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254. "'[N]otice' pleading is not sufficient, for the petition is expected to state facts that point to a 'real possibility of constitutional error.'" Rule 4 Advisory Committee Notes (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970)). "Habeas petitions which appear on their face to be legally insufficient are subject

to summary dismissal." *Calderon v. United States Dist. Court (Nicolaus)*, 98 F.3d 1102, 1108 (9th Cir. 1996) (Schroeder, J., concurring).

**B.     Legal Claims**

Petitioner pleaded guilty to unlawful sexual conduct with a minor, Cal. Penal Code § 288.5(a), and was sentenced to twelve years in state prison on April 24, 2006. Petitioner alleges that trial court improperly sentenced him and there was a violation of his plea bargain. Petitioner has brought three previous habeas petitions regarding this same conviction with variations on these claims. *See Thoreson v. Grounds*, No. C 12-4782 PJH (PR); *Thoreson v. Spearman*, No. C 13-0721 PJH (PR); *Thoreson v. Spearman*, No. C 13-04223 PJH (PR).[1] Court orders dismissing the petitions in the previous cases discussed the relevant facts and law and described why petitioner's claims lacked merit and that the petitions were successive.[2] *See* 28 U.S.C. § 2244(b)(3)(A). While petitioner states he has requested permission from the Ninth Circuit to file a successive petition he has not provided an order from the Ninth Circuit granting permission. In addition, petitioner has not paid the filing fee or filed an application to proceed in forma pauperis.

This petition is denied for the same reasons set forth in the prior cases, as successive, and for failure to pay the filing fee or filing an application to proceed in forma pauperis. If petitioner obtains permission from the Ninth Circuit to file a successive petition he may file a new case.

## CONCLUSION

For the reasons set forth above, the petition is **DISMISSED**.

Because reasonable jurists would not find the result here debatable, a certificate of

---

[1] The court may take judicial notice of its own records in another case. *United States v. Howard*, 381 F.3d 873, 876 n. 1 (9th Cir.2004)

[2] After being informed of the deficiencies in his petition, petitioner was provided an opportunity to amend in case No. C 12-4782 PJH (PR), yet his amended petition was dismissed.

appealability ("COA") is **DENIED**.  *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000) (standard for COA).  The clerk shall close the file.

**IT IS SO ORDERED.**

Dated:    March 12, 2015.

                PHYLLIS J. HAMILTON
                United States District Judge

G:\PRO-SE\PJH\HC.15\Thoreson0833.dsm.wpd